

1   David R. Ongaro (State Bar No. 154698)
    ONGARO BURTT & LOUDERBACK LLP
2   650 California Street, Fifth Floor
    San Francisco, CA 94108
3   Telephone:   (415) 433-3900
    Facsimile:   (415) 433-3950
4   Email:       dongaro@obllaw.com

5   Attorneys for Plaintiff
    PHILIPPE E. LEDORZE, on his own behalf and
6   on behalf of other similarly situated persons

7

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                      [SOUTHERN DIVISION]

11  PHILIPPE E. LEDORZE, on his own behalf       Case No.:   **SACV 12 - 00720 DOC (JPRx)**
    and on behalf of other similarly situated
12  persons,

13                                               **COMPLAINT FOR DAMAGES AND
                  Plaintiff,                     INJUNCTIVE RELIEF – CLASS ACTION**
14
              v.
15                                               **JURY DEMAND**

16  YOUMAIL, INC., a Delaware Corporation,

17                Defendant.

18

19       Plaintiff PHILIPPE E. LEDORZE ("Representative Plaintiff"), on his own behalf and on

20  behalf of all other similarly situated persons (collectively "Plaintiffs"), by and through counsel,

21  brings the following complaint against Defendant YOUMAIL, INC. ("Defendant") to obtain all

22  damages, injunctive relief, attorney fees, costs, and other remedies which Plaintiffs are entitled to

23  recover under law and equity.

24                      I. JURISDICTION AND VENUE

25       1.      This action asserts claims arising under the Telephone Consumer Protection Act,

26  47 U.S.C. § 227.  Accordingly, this Court has original subject matter jurisdiction over all claims

27  pursuant to 28 U.S.C. §§ 1331 and 1338(a).

28

                                              1
     ━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━
     COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF – CLASS ACTION

1        2.      This Court has personal jurisdiction over Defendant because its principal place of

2   business is within California and this District.

3        3.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because

4   Defendant resides in this District for purposes of the venue statutes since it is subject to personal

5   jurisdiction here, and pursuant to 28 U.S.C. § 1400(a).

6                             **II. PARTIES**

7        4.      Representative Plaintiff is an individual domiciled and residing in Kitsap County,

8   Washington.

9        5.      Defendant identifies itself as an organization organized and operating under the

10   laws of the State of Delaware.

11                     **III. FACTUAL ALLEGATIONS**

12        6.      Defendant is in the business of designing, developing, supporting, marketing, and

13   distributing an application ("app") and service for smart cellular telephones that provide

14   consumers what Defendant stylizes as enhanced voicemail. The app and service are known

15   together as "YouMail".

16        7.      As designed, created, implemented, utilized, and deployed by Defendant, YouMail

17   includes an automated telephone dialing system ("ATDS"). As an example of this ATDS

18   functionality, when a caller makes a telephone call to a YouMail user and leaves a voicemail

19   message, this ATDS will automatically generate and send short message service ("SMS") text

20   messages to the cellular telephone number of the caller. These automated SMS text messages are

21   sent by YouMail without obtaining the prior, express consent of the intended recipient of the SMS

22   text messages.

23        8.      The automated, unsolicited SMS text messages sent by YouMail ostensibly serve to

24   provide notice to callers that their voicemail messages were received by a YouMail user.

25   However, these SMS text messages also incorporate commercial solicitations designed to

26   convince consumers to purchase YouMail products and services. For example, SMS text messages

27   sent by YouMail include solicitations encouraging recipients to view webpages where recipients

28   are provided with marketing messages designed to persuade them to obtain and use YouMail.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF – CLASS ACTION**

1    These webpages are accessed directly through links which are contained in each SMS text

2    message.

3          9.    On or about April 23, 2012, Representative Plaintiff received one such SMS text

4    message that was sent to his cellular telephone number by YouMail by means of YouMail's

5    ATDS. Defendant caused the transmission of this SMS text message to Representative Plaintiff's

6    cellular telephone number. Representative Plaintiff at no time consented to being sent this SMS

7    text message.

8          10.   Consumers like Representative Plaintiff have no effective means to avoid the

9    receipt of unsolicited SMS text messages. Receipt of each such text message invariably injures the

10   property of the recipient and otherwise invades the privacy of the recipient. For example, each

11   unsolicited SMS text message received from a YouMail ATDS transmission causes consumers to

12   lose some of the finite storage capacity of the cellular telephones until they examine the text

13   message, review it sufficiently to determine that it is not an invited text message, and then take

14   affirmative steps to delete such unsolicited text messages.

15         11.   Defendant's use of YouMail's ATDS to send unsolicited SMS text messages to

16   consumers is a fundamental aspect of Defendant's marketing campaign for YouMail. As the

17   number of users of YouMail increases, so too does Defendant's ability to increase revenue from

18   YouMail users and through other avenues.

19         12.   Like numerous other consumers, Representative Plaintiff was injured as a result of

20   Defendant's actions above in ways including, but not limited to, the following: (1) Incurring

21   cellular phone charges and/or reduction in cellular phone time or data capacity to receive the

22   unsolicited text message from Defendant; (2) Invasion of privacy; (3) Aggravation and annoyance

23   from having to retrieve or administer the unsolicited messages; and (4) Loss of use of the full

24   capacities and capabilities, *e.g.*, electronic storage space, of his cellular telephone.

25         13.   By the conduct detailed above, Defendant, directly and/or through its authorized

26   agents, engaged in unlawful and otherwise wrongful marketing and advertising practices. These

27   practices have damaged Representative Plaintiff and other persons similarly situated.  Defendant

28   used the YouMail ATDS to cause the transmission of unsolicited electronic commercial text

3

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF – CLASS ACTION**

1    messages to the cellular telephone numbers assigned to Representative Plaintiff and numerous

2    other consumers.

3          14.     Defendant's conduct above negatively affects the public interest. Defendant caused

4    the unsolicited transmission of numerous SMS text messages to numerous consumers throughout

5    the United States and its territories, including Washington State.

6                        **IV. CLASS ACTION ALLEGATIONS**

7          15.     Representative Plaintiff brings this class action on behalf of himself and as a

8    representative of the following class of persons (the "National Class") entitled to remedies under

9    federal law including, but not limited to, damages:

10                       All persons in the United States of America and its territories

11                       who were sent, to their cellular telephone numbers, at least one

12                       unsolicited text message by or on behalf of a Defendant.

13         16.     Representative Plaintiff also brings this class action on behalf of himself and as a

14   representative of the following persons (the "Washington Subclass") who are entitled to remedies

15   under Washington State law including, but not limited to, damages:

16                       All persons in Washington State who were sent, to their

17                       cellular telephone numbers, at least one unsolicited text message by

18                       or on behalf of a Defendant.

19         17.     Plaintiffs' claims satisfy the numerosity, commonality, typicality, adequacy of

20   representation and superiority requirements for class action certification pursuant to Federal Rule

21   of Civil Procedure, Rules 23(a) and Rules 23(b)(1), 23(b)(2), and/or 23(b)(3) as referenced in this

22   complaint and in accord with proof.

23         18.     Satisfying all requisite numerosity requirements, numerous consumers in

24   Washington State and numerous consumers through the United States and its territories are

25   believed to be members of this class. Joinder of so many class members in to a single action is

26   impracticable. In fact, given the number of class members, the only way to deliver substantial

27   justice to all members of the class is by means of a single class action.

28         19.     There are questions of fact and law common to the class which predominate over

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF – CLASS ACTION**

1  any questions affecting only individual members. The questions of law and fact common to the

2  class arising from Defendant's conduct include, without limitation, the following:

3             a.      Whether Defendant negligently and/or willfully caused violations of the

4  Telephone Consumer Protection Act, 47 U.S.C. § 227, when sending unsolicited text

5  messages to Representative Plaintiff and the National Class?

6             b.      Whether Defendant negligently and/or willfully caused violations, including

7  *per se* violations, of the Washington Consumer Protection Act, RCW 19.86.10, *et seq.*,

8  when sending unsolicited text messages to Representative Plaintiff and the Washington

9  Subclass?

10             c.      What are the statutory damages that the Defendant must pay for each of the

11  unsolicited text messages that the Defendant caused to be sent to the Plaintiffs?

12             d.      Whether YouMail is an ATDS?

13             e.      Whether the transmission of SMS text messages on behalf of Defendant

14  was commercial in nature under RCW 19.190.060?

15             f.      Whether Defendant is vicariously or otherwise liable for their agents or

16  other persons sending unsolicited text messages to Plaintiffs?

17             g.      Whether Defendant is sufficiently capitalized?

18       20.      The questions referenced above predominate over any questions affecting only

19  individual persons, and a class action is superior with respect to considerations of consistency,

20  economy, efficiency, fairness and equity, to other available methods for the fair and efficient

21  adjudication of Plaintiffs' claims.

22       21.      Representative Plaintiff's claims are typical of those of the class in that he, just like

23  the other members of the class, was the victim of the unlawful marketing practices referenced in

24  this complaint. The SMS text message which Representative Plaintiff received on or about April

25  23, 2012 is typical of the SMS text messages which were transmitted to other members of the

26  class.

27       22.      A class action is the appropriate method for the fair and efficient adjudication of

28  this controversy. Defendant has acted in a general manner to the injury and damage of the class.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF – CLASS ACTION**

1   The presentation of separate actions by individual class members could create a risk of
2   inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant,
3   and/or substantially impair or impede the ability of class members to protect their interests.

4          23.    Representative Plaintiff is an adequate representative of the class because he is a
5   member of the class and his interests do not conflict with the interests of the members of the class
6   he seeks to represent. The interests of the members of the class will be fairly and adequately
7   protected by Representative Plaintiff. Also, Representative Plaintiff is represented by a team of
8   attorneys who together have extensive, multi-jurisdictional experience representing clients in
9   complex class action litigation.

10          24.    Maintenance of this action as a class action is a fair and efficient method for the
11   adjudication of this controversy. It would be impractical and undesirable for each of the thousands
12   of persons who comprise the class to bring separate actions. The maintenance of such separate
13   actions would place a substantial and unnecessary burden on the courts and could result in
14   inconsistent adjudications, while a single class action can determine, with judicial economy, the
15   rights of all class members.

16          25.    If this action is not certified as a class action, then given the number of class
17   members, the only way that the court system will not be overburdened by a multiplicity of suits
18   over the subject matter of this complaint is if members of the class cannot or do not pursue an
19   action against Defendant for reasons altogether unrelated to the merits of their claims (*e.g.*,
20   challenges in accessing legal counsel, the mundane realities of surviving in a challenging
21   economy, *et cetera*). Most Plaintiffs can obtain legal representation for their claims only through a
22   class action. The only practical way to ensure that all members of the class are afforded an
23   opportunity to obtain substantial justice with regard to the wrongs and injuries inflicted upon them
24   by Defendant is to resolve the subject matter of this complaint through a class action.

25                                **V. FIRST COUNT**
                        **Violations of the Telephone Consumer Protection Act**
26                        *(Representative Plaintiff and the National Class vs. Defendant)*

27          26.    Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs as
28   if the same were alleged herein this count.

6

1    27.    At all times material herein, Plaintiffs have been entitled to the rights, protections,

2    and benefits provided under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

3    28.    Negligently, recklessly, willfully, and/or intentionally, Defendant directly and/or

4    vicariously engaged in acts, omissions, and/or other conduct as referenced herein this complaint

5    that violates the Telephone Consumer Protection Act. Defendant directly and/or vicariously

6    created, designed, deployed, and otherwise used an ATDS which initiated numerous telephone

7    calls to Plaintiffs' cellular telephone numbers. These telephone calls transmitted unsolicited

8    commercial text messages to the cellular telephones of Representative Plaintiff and the other

9    Plaintiffs as referenced in this complaint.

10   29.    Plaintiffs are entitled to recover $500 in damages from the Defendant for each

11   violation of the Telephone Consumer Protection Act.

12   30.    Additionally, Plaintiffs are entitled to all damages referenced herein and in accord

13   with proof, attorneys' fees, costs, treble damages, and other remedies allowed by the Telephone

14   Consumer Protection Act or else otherwise permitted by law.

15   31.    Defendant continues its unlawful conduct and will continue such conduct in the

16   future absent (a) a judicial declaration which clearly states the illegality of their conduct and (b) an

17   injunction barring the Defendant from engaging in such illegal conduct in the future.

18
### VI. SECOND COUNT
**Violations of the Washington Consumer Protection Act**
19
*(Representative Plaintiff and the Washington Subclass vs. Defendant)*

20

21   32.    Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs.

22   33.    At all times material herein, Plaintiffs have been entitled to the rights, protections,

23   and benefits provided under the Washington Consumer Protection Act and related Washington

24   statutes.

25   34.    Defendant's practice of transmitting and/or assisting in the transmission of

26   electronic commercial text messages to Plaintiffs' cellular phones is a violation of RCW

27   19.190.060.  This violation, per statute, is a *per se* violation of Washington's Consumer Protection

28   Act, RCW 19.86.010, *et seq.*

7

35.     Defendant's practice of transmitting and/or assisting in the transmission of electronic commercial text messages to Plaintiffs' cellular phones is conduct that vitally affects the public interest and is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the Consumer Protection Act, RCW 19.86.010, *et seq.*

36.     Defendant's conducted these practices in the scope of its trade and in furtherance of the development and preservation of such business services.

37.     Defendant's violations of the Washington Consumer Protection Act are intentional, willful, and subject to treble damages under RCW 19.86.010, *et seq.*

38.     Plaintiffs have suffered injuries as a direct result of Defendant's numerous violations of RCW 19.86.010, *et seq.*.

39.     Defendant's practices are emblematic of organizational policies and agreements which have caused and, if unabated, will continue to cause incidents, occurrences, and conduct which violate RCW 19.86.010, *et seq.*, and RCW 19.190.010, *et seq.*

40.     Plaintiffs are entitled to recover damages for each of Defendant's violations of RCW 19.86.010, *et seq.*

41.     Plaintiffs are further entitled to recover damages for each of Defendant's violations under RCW 19.190.010, *et seq.*, in amounts set forth by law and otherwise in accord with proof to be provided at trial.

42.     Plaintiffs will continue to be damaged if Defendant is not compelled to cease and desist their unlawful conduct and their unfair, deceptive, and unlawful practices.

43.     Plaintiffs are further entitled to all attorneys' fees, costs, and treble damages as allowed by RCW 19.86.010, *et seq.*, and as otherwise permitted by law.

## VII. PRAYER FOR RELIEF

WHEREFORE, Representative Plaintiff, and all others similarly situated, demand judgment against Defendant and pray this Court do the following:

A.     Issue a declaration which makes clear the illegality of Defendant's wrongful conduct.

8

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF – CLASS ACTION**

1     B.     Grant a permanent injunction enjoining Defendant, its officers, successors, agents,

2  assigns, and all persons in active concert or participation with them, from engaging in their

3  unlawful conduct, including without limitation their use of an ATDS to send unsolicited SMS text

4  messages, the unfair, deceptive, or unlawful practices concerning the transmission of commercial

5  text messages and commercial solicitations to Representative Plaintiff and other class members,

6  and the collection and storage of contact information belonging to individuals who are not

7  customers of Defendant.

8     C.     Order Defendant to make Representative Plaintiff and the other class members

9  whole by providing compensation for past and future pecuniary losses resulting from the unlawful

10 practices described in the above paragraphs in amounts to be determined at trial, but in no event

11 less than $500.00 per violation of RCW 19.86.010, *et seq*, RCW 19.190.010, *et seq.*, and 47

12 U.S.C. § 227.

13    D.     Order Defendant to make Representative Plaintiff and the other class members

14 whole by providing compensation for past and future non-pecuniary losses resulting from the

15 unlawful practices described in the above paragraphs, in amounts to be determined at trial.

16    E.     Order Defendant to make Representative Plaintiff and the other class members

17 whole by providing appropriate prejudgment interest, in an amount to be determined at trial, and

18 other affirmative relief necessary to eradicate the effects of its unlawful practices.

19    F.     Order Defendant to pay Representative Plaintiffs and the other class members

20 punitive and/or treble damages to the fullest extent allowed by law, including but not limited to all

21 punitive and/or treble damages for a knowing or willful violation of the Telephone Consumer

22 Protection Act and the Washington Consumer Protection Act.

23    G.     Award Representative Plaintiff and the other class members the costs of this action,

24 including attorneys' fees, as authorized by law, the Washington Consumer Protection Act, and/or

25 as sounds in tort, contract, or equity.

26    H.     Grant any additional or further relief as provided by law or equity which this Court

27 finds appropriate, equitable, or just.

28 //

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF – CLASS ACTION**

1

## VIII. JURY DEMAND

2

Representative Plaintiff demands a jury trial on all issues so triable.

3

4      Dated:  May 3, 2012                    ONGARO BURTT & LOUDERBACK LLP

5

6                                              By: _____
                                                   David R. Ongaro
7                                                  Attorneys for Plaintiff
                                                   PHILIPPE E. LEDORZE, on his own behalf
8                                                  and on behalf of other similarly situated
                                                   persons

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF – CLASS ACTION**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

## SACV12- 720 DOC (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| PHILIPPE E. LEDORZE, on his own behalf and on behalf of other similarly situated | ) | |
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   **SACV 12 - 00720 DOC (JPRx)** |
| YOUMAIL, INC., a Delaware Corporation | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  YOUMAIL, INC., a Delaware Corporation
THROUGH ITS REGISTERED AGENT FOR SERCICE OF PROCESS:
ALEX QUILICI
2102 BUSINESS CENTER DRIVE
IRVINE, CA 92612

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   David R. Ongaro, Esq.
Ongaro Burtt & Louderback LLP
650 California Street, Fifth Floor
San Francisco, CA 94108

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  5/4/12

**DENISE VO**

*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| PHILIPPE E. LEDORZE, on his own behalf and on behalf of other similarly situated persons | YOUMAIL, INC., a Delaware Corporation |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| DAVID R. ONGARO (SBN 154698), ONGARO BURTT & LOUDERBACK LLP, 650 California Street, Fifth Floor, San Francisco, CA 94108, (415) 433-3900 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No    ☒ MONEY DEMANDED IN COMPLAINT: $ According to Proof.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violations of Telephone Consumer Protection Act, 47 U.S.C. § 227

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty ☐ 540 Mandamus/ Other | Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture ☐ 620 Other Food & Drug | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | | **FEDERAL TAX SUITS** |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | ☐ 463 Habeas Corpus-Alien Detainee ☐ 465 Other Immigration Actions | | | |

FOR OFFICE USE ONLY:    Case Number:    **SACV 12 - 00720 DOC (JPRx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | King County of Washington State |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | King County of Washington State |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 5/4/12

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |