Michael S. Adler, CA SBN 190119
    email: *madler @ta-llp.com*
Joel M. Tantalo, CA SBN 206096
    email: *jtantalo @ta-llp.com*
TANTALO & ADLER LLP
1901 Avenue of the Stars, Suite 1000
Los Angeles, California 90067-6012

Telephone: (310) 734-8695
Facsimile:  (310) 734-8696

Attorneys for Defendant,
YouMail, Inc.

[ADDITIONAL COUNSEL ON SIGNATURE PAGE]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIPPE E. LEDORZE, on his own behalf and on behalf and on behalf of other similarly situated persons;<br><br>    Plaintiff,<br><br>    vs.<br><br>YOUMAIL, INC., a Delaware corporation,<br><br>    Defendant | CASE NO. 12-cv-00720-DOC (JPR)<br><br>JOINT RULE 26 REPORT |

Pursuant to Fed. R. Civ. Proc. 26(f) and Local Rule 26-1, and this Court's Order Setting Scheduling Conference, Plaintiff Phillipe Ledorze ("Plaintiff") and Defendant YouMail, Inc. ("YouMail") hereby jointly submit a Report of the Conference of Parties.

### A. Synopsis of Claims and Defenses

This matter reflects a putative class action arising out of the Telephone Communications Protection Act ("TPCA"), 47 U.S.C. § 227. Defendant YouMail provides a service, and one feature of this service involves the sending of text messages to the mobile phones of those who leave voicemail messages for YouMail subscribers. Plaintiff asserts that sending such text messages is in violation of the TCPA.

Defendant denies that this feature of the YouMail system uses an "Automatic Telephone Dialing System" as defined in the TPCA (and without which there is no violation of the TCPA). Defendant further contends that any responsibility for the use of this feature rests with its individual subscribers (for whom this feature is an option).

### B. Key Legal Issues

Both parties agree that the most significant legal issue is whether Defendant's text messages violate the TCPA. In addition, Defendant contends that the Court will need to determine whether Defendant could be liable under the TPCA, or whether liability for any text messages that violate the TCPA rests with Defendant's subscribers.

Inasmuch as this is a putative class action, there will be legal issues relating to the appropriateness of a class in this matter.

Finally, to the extent that there is any liability for YouMail under the TCPA, the question would then become whether YouMail's actions are "willful" or "knowing" to the extent that treble damages are available.

### C. Percipient Witnesses and Key Documents

    a. Plainitff, Alex Quilici, Michael Rudolph.

  b. Defendant states that the key documents relate to the design of Defendant's system and the scope of the text notifications from YouMail. Plaintiff will conduct discovery on the relevant documents in Defendant's possession.

### D. Realistic Range of Provable Damages

The TCPA provides a minimum statutory damage of $500 per violation, which could be trebled if the violations are found to be "willful" or "knowing." Since hundreds of thousands of these receipts that have been sent on behalf of YouMail subscribers, the damages (in the event of liability) could potentially extend well beyond $50 million dollars.

### E. Insurance Coverage

Neither party has insurance coverage for this matter.

### F. Likelihood of Motions: to Add Other Parties, Amend Pleadings, to Transfer Venue.

The parties do not anticipate any such motions at this time.

### G. Discovery Status

The parties will provide initial disclosures to each other by September 24, 2012 pursuant to Fed. R. Civ. P. 26(a)(1). Said disclosures will include initial witness lists, damages calculations, and categories of documents.

The parties anticipate early discovery focused on class certification, to be concluded at least three weeks before any deadline to file a motion for class certification.

The parties then anticipate discovery (both written and deposition) focusing on the nature of YouMail's system and the extent of the SMS receipts sent by YouMail's system.

### H. Discovery Plan

As noted, the parties anticipated staged discovery. The first stage of discovery will focus on class certification issues as well as limited factual discovery to aid the

parties in assessing settlement possibilities. Discovery on class certification issues is to be concluded at least three weeks before any deadline to file a motion for class certification.

**Proposed Discovery Cut-Off Date**

The parties propose a discovery cut-off date of July 15, 2013.

**I.     Motions for Summary Judgment**

Defendant believes that some legal issues discussed above can be addressed by summary judgment, such as whether Defendant utilized an "Automated Telephone Dialing System" as defined by the TCPA. Plaintiff believes that discovery is necessary before such an issue can be considered on summary judgment.

**J.     Law and Motion Schedule**

The parties propose a final date for hearing motions on August 19, 2013.

**K.     Settlement Discussions and Recommended Settlement Procedure**

The parties have engaged in early settlement discussions. At this point, the Plaintiff needs to conduct further discovery in order to evaluate certain representations from YouMail's counsel.

YouMail has proposed a Settlement Conference before the Magistrate Judge in this matter. Plaintiff seeks a private mediation.

**M.     Estimate of Trial Length**

The parties anticipate a trial of approximately 4-6 trial days.

**N.     Proposed trial Dates**

The parties would request October 15, 2013 and a Final Pretrial Conference on September 16, 2013.

**O.  Issues Affecting Case Management**

N/a

DATED:  August 27, 2012              **TANTALO & ADLER LLP**

By:_/Michael S. Adler/_____
Attorneys for Defendant
YOUMAIL, INC.

DATED:  August 27, 2012              **ONGARO BURTT & LOUDERBACK**

By: /Cara Sherman/
Attorneys for Plaintiff
PHILIPPE LEDORZE